UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:
FULL-CIRCLE ATHLETE, LLC

    Debtor.

Chapter 11 Proceeding
Case no. 23-40240-KKS

### DEBTOR'S VERIFIED MOTION TO DETERMINE SECURED STATUS/STRIP LIENS OF KASH ADVANCE, LLC

The Debtor, FULL-CIRCLE ATHLETE, LLC, by and through its undersigned counsel, seeks entry of an Order pursuant to 11 U.S.C. § 506(a) and Federal Rule of Civil Procedure 3012 determining the secured status and stripping the lien of KASH ADVANCE LLC.

1. On July 5, 2023, the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code. *See* D.E. 1, Voluntary Petition.

2. The Debtor listed all its assets in its Schedule A/B.

3. The Debtor owns no real property.

4. The Debtor's personal property listed on Schedule A/B primarily consists of gym equipment and machinery listed at the prices the Debtor actually paid for each itemized piece of equipment and machinery as new.  A copy of the Debtor's Schedule A/B is attached hereto as **<u>Exhibit A</u>** for ease of reference.

5. The Debtor believe that the equipment and machinery may be worth slightly less than it paid; however, the equipment and machinery remains in very clean, nearly new condition. The total price the Debtor paid for its equipment and machinery was $100,241.89.

6. Celtic Bank Corporation is a creditor of the Debtor that made a SBA 7A loan to the

Debtor on September 24, 2021 in the initial principal amount of $822,500.00.

7. As of the date of the Petition Celtic Bank was owed $604,415.63.

8. To secure repayment of the indebtedness, Celtic Bank required the Debtor to execute a Promissory Note and Commercial Security Agreement granting Celtic Bank liens on, among other things all Inventory, Equipment, Chattel Paper, Accounts, General Intangibles, and Fixtures.

9. The liens of Celtic Bank were perfected by the filing of three Uniform Commercial Code Financing Statements in the Florida Secured Transactions Registry: (1) Financing Statement No. 202108632869 on September 30, 2021; (2) Financing Statement No. 202108648702 on October 1, 2021; and (3) Financing Statement No. 202108723364 on October 8, 2021.

10. In October, 2022, Corporation Service Company, as Representative, filed a Financing Statement No. 20220319344X in the Florida Secured Transactions Registry seeking to perfect a junior lien on the Debtor's assets.

11. On May 5, 2023, Kash Advance, LLC filed Uniform Commercial Code Financing Statement No. 202301233063 in the Florida Secured Transactions Registry seeking to perfect a junior lien on the Debtor's assets. A true and correct copy of Kash Advance's UCC statement is attached hereto as **Exhibit A**.

## ANALYSIS

Section 506 of the Bankruptcy Code entitled Determination of Secured Status provides the framework for establishing the allowed secured claim of a creditor. Under Section 506(a)(1), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property …and is an unsecured claim to the extent that the value of such creditor's interest…is

less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1).

The value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." *Id*. It is generally agreed that the replacement value is the proper standard for the valuation of collateral. *See*, *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997) (defining replacement value as "the price a willing buyer in the debtor's trade, business, or situation would pay to obtain like property from a willing seller."). The Debtor's assets consist almost entirely of gym equipment and machinery. The Debtor seeks to value the gym equipment and machinery at the value the Debtor paid for the equipment and machinery only a year or so before the filing of the case.

The fair market value of the Debtor's property subject to a lien in favor of the Celtic Bank Corporation is $100,241.89. The value of the property is insufficient to fully satisfy Celtic Bank's claim of $604,415.63. No value exists above the lien of Celtic Bank. Pursuant to Section 506(d), "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." Because Kash Advance, LLC does not hold an allowed secured claim, its lien is void under 11 U.S.C. § 506(d).

## VERIFICATION

In accordance with 28 U.S.C. 1746, John Simmons, President of the Debtor, verifies under penalty of perjury that the foregoing is true and correct. By this verification Mr. Simmons specifically verifies that the prices the debtor paid for its equipment and machinery were the values set forth in Schedule A/B.

/s/ John Simmons

**WHEREFORE** the Debtor respectfully requests the Court enter an Order (i) determining the value of Kash Advance, LLC, as Representative's secured claim to be $0.00; (ii) voiding the lien of Corporation Service Company, as Representative, and (iii) granting such other and further relief as is just and equitable.

          MICHAEL H. MOODY LAW, P.A.

          *Counsel for Full-Circle Athlete, LLC*
          1350 Market Street, Suite 224
          Tallahassee, Florida 32312
          *Mail*: P.O. Box 4363
          Tallahassee, FL 32315
          Tel/Fax: (850) 739-6970

         By:  /s/ *Michael H. Moody*
           Michael H. Moody, Esq.
           Florida Bar No. 6471
           Michael.Moody@MichaelHMoodyLaw.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on November 24, 2023, via Notice of Electronic Filing via CM/ECF to those parties registered to receive electronic notices of filings in this case as follows along with service by first class mail on the following:

  Jodi D. Dubose, Subchapter V Trustee
  jdubose@srbp.com, jdubose.ecf@srbp.com

  Jimmy Dye on behalf of Creditor Kay-Zer, Inc. successor to Atway Properties, LLC
  dlf@dlfpa.com

  Conor McLaughlin on behalf of U.S. Trustee United States Trustee

conor.mclaughlin@usdoj.gov

Michael Howard Moody on behalf of Debtor Full-Circle Athlete LLC
Michael.Moody@MichaelHMoodyLaw.com, 8483@notices.nextchapterbk.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

Kash Advance, LLC
111 Great Neck Road, Ste 300
New York, NY 11021

                                By:   /s/ *Michael H. Moody*
                                        Michael H. Moody, Esq.

# EXHIBIT A

**FINANCING STATEMENT FORM**

| A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON |
|---|
| ONLINE DEPT.; 888-507-4593 |
| Email ONLINE@FICOSO.COM |

| B. SEND ACKNOWLEDGEMENT TO: |
|---|
| |

**FILED**

2023 May 05 10:23 AM

****** 202301233063 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (1a OR 1b) - Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME |
|---|
| FULL-CIRCLE ATHLETE LLC |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| 2591 CENTERVILLE RD STE 101 | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | TALLAHASSEE | FL | 32308 | USA |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (2a OR 2b) - Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME |
|---|
| |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| SIMMONS | JOHN | LOUIS | |

| 2c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| 4559 HEDGEWOOD DR | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | TALLAHASSEE | FL | 32309 | USA |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| KASH ADVANCE LLC |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| 111 GREAT NECK ROAD STE 300 | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | NEW YORK | NY | 11021 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

See Attachment

**5. ALTERNATE DESIGNATION (if applicable)**   ☐ LESSEE/LESSOR   ☐ CONSIGNEE/CONSIGNOR   ☐ BAILEE/BAILOR
☐ AG LIEN   ☐ NON-UCC FILING   ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX** - YOU ARE REQUIRED TO CHECK **EXACTLY ONE** BOX
☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.
☑ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**     [UCC1-1177392] FULL-CIRCL

STANDARD FORM - FORM UCC-1 (REV.05/2013)     Filing Office Copy     Approved by the Secretary of State, State of Florida

**STATE OF FLORIDA UNIFORM COMMERICAL CODE**
**FINANCING STATEMENT FORM - ADDENDUM**

**8. NAME OF FIRST DEBTOR (1a OR 1b) ON RELATED FINANCING STATEMENT**

8a. ORGANIZATION'S NAME: FULL-CIRCLE ATHLETE LLC

8b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**9. MISCELLANEOUS**

**10. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (10a OR 10b) - Do Not Abbreviate or Combine Names

10a. ORGANIZATION'S NAME:
10b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX
10c. MAILING ADDRESS Line One
MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY

This space not available.

**11. ADDITIONAL SECURED PARTY'S NAME** or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (11a OR 11b)

11a. ORGANIZATION'S NAME:
11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX
11c. MAILING ADDRESS Line One
MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY

This space not available.

12. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

13. Description of real estate:

14. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

15. Additional collateral description:

16. Check only if applicable and check only one box.
Collateral ☐ Held in Trust
☐ Being administrated by Decendent's Personal Representative

17. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction - effective 30 years

STANDARD FORM - FORM UCC-1 ADDENDUM (REV.05/2013)    Filing Office Copy    Approved by the Secretary of State, State of Florida

All Assets now owned or hereafter acquired and wherever located, including but not limited to, the following subcategories of assets:

a. Accounts, including but not limited to, credit card receivables; b. Chattel Paper; c. Inventory; d. Equipment; e. Instruments, including but not limited to, Promissory Notes; f. Investment Property; g. Documents; h. Deposit Accounts; i. Letter of Credits Rights; j. General Intangibles; k. Supporting Obligations; and l. Proceeds and Products of the foregoing.

NOTICE PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN, THE FURTHER ENCUMBERING OF WHICH MAY CONSTITUTE THE TORTIOUS INTERFERENCE WITH THE SECURED PARTY'S RIGHT BY SUCH ENCUMBRANCE IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTOR'S ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS THEREOF RECEIVED BY SUCH ENTITY.